U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 4 - 2009

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROSE MEYER | CIVIL ACTION NO. 08-0268 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THE ARBOR & TERRACE SENIOR CENTER OF RUSTON, LLC | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Defendant The Arbor and Terrace Senior Center of Ruston's ("the Arbor") Motion to Vacate With Incorporated Memorandum [Doc. No. 29]. The Arbor seeks to set aside the Notice of Entry of Default [Doc. No. 21] entered by the Clerk of Court on October 1, 2008.

The Court may set aside a default for "good cause." FED. R. CIV. P. 55(c). In making this determination, the Court must consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

As justification for setting aside the default, the Arbor states **only** that it "did not receive notice that a motion for default judgment had been filed." The record, however, indicates that copies of the Motion for Entry of Default [Doc. No. 20], the Notice of Entry of Default [Doc. No. 21], and the Motion for Default Judgment [Doc. No. 23] were physically mailed to the Arbor by the Clerk's

Office.[1] It, therefore, appears[2] that the Arbor has failed to offer good cause for setting aside the default.

Because default judgments are disfavored, the Court will permit the Arbor to file a supplemental memorandum to establish good cause by **March 9, 2009**.

MONROE, LOUISIANA, this 4 day of March, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff failed to attach a certificate of service to the Motion for Default Judgment [Doc. No. 23]. *Cf.* LR5.3.

[2] The Arbor does not argue that the copies were mailed to an incorrect address.

2