UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Monroe Division

| | |
|---|---|
| ROSE MEYER | CIVIL ACTION NO.08-268 |
| VERSUS | JUDGE JAMES |
| THE ARBOR AND TERRACE SENIOR CENTER OF RUSTON, LLC | MAGISTRATE JUDGE |

OPPOSITION TO MOTION TO VACATE DEFAULT

I.  STATEMENT OF FACTS

This complaint was filed February 26, 2008. Plaintiff, Rose Meyer attempted to serve Defendant, *The Arbor and Terrace Senior Center of Ruston, LLC* through its registered agent, Fred Bayles. The registered address listed with the Louisiana Secretary of Stated was 2500 North 7th Street, Suite 400, West Monroe, Louisiana. The U.S. Marshal returned the process April 17, 2008 unexecuted with the notation: "Suite 400 vacant and gutted for remodeling construction... no forwarding address".  An updated address was obtained from the Louisiana Secretary of State. An attempt was made to serve Fred Bayles at 507 Trenton Street, West Monroe, Louisiana. The U.S. Marshal returned the process June 30, 2008 unexecuted with three attempts at service. Notations on the return show that " no one at location". On June 30, 2008, there is a notation that "Bayles no longer has an office there. No contact information."  An attempt to serve Bayles at his home address at 131 Sunset Drive, West Monroe, Louisiana was likewise returned unexecuted on July 22, 2008. The return bears the notation: "subject no longer residing at above address. Forwarding address unknown".  Fred Bayles was eventually served through the Louisiana Secretary of State on August 15, 2008, six months after the filing of the complaint.

Fred Bayles filed an answer "Pro Se" on September 3, 2008. He listed his address as 507 Trenton Street, West Monroe, Louisiana.  The court issued notice of deficiency on September 5, 2008, and Bayles was given 10 days to cure the deficiency. Plaintiff obtained an entry of default on October 1, 2008. A Motion for Default Judgment was filed 4 months later, January 2, 2009.

II.   DEFENDANT'S MOTION TO VACATE IS UNWARRANTED

Once the motion for default was filed, Defendant had 15 days to respond. The response was due February 17, 2009. The response was filed March 9, 2009.  It is untimely and should be dismissed.

Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default for good cause. Defendant has raised no facts that warrant a setting aside of the entry of default. An entry of default may be set aside if Defendant shows sufficient excuse for the default; shows that he took quick action to correct the situation; or alleges a meritorious defense. 10 C. Wright & A. Miller, Federal Practice & Procedure § 2692 (1973). Facts that establish inadvertence may provide an excuse legally sufficient to set aside a default entry under Rule 55(c). *Teal v. King Farms Company*, 18 F.R.D. 447 (1955). But no such facts are established by this record. Defendant avers by sworn affidavit that he did not get notice of the deficient answer he filed because he had relocated to New Orleans. Yet the contact address provided by Fred Bayles in his answer on September 3, 2008 was 507 Trenton Street, West Monroe, Louisiana. Notice of deficiency was given the following day. Now Bayles wants to be excused from tardy filing due to non-receipt of notices.. If in fact Bayles did not receive notice, it was due to his own fault and his continuous attempts to evade service by the court.

Not only did Bayles not file an answer timely, he took no action for four months to set aside the entry of default. This cannot be characterized as "quick action" to correct the default by the defaulting party.

Defendant has averred facts it considers a meritorious defense.  However, when the court finds an intentional failure to file responsive pleadings there need be no other finding. Courts should not grant default judgments on the claim, without more, that the defendant had failed to meet a procedural time requirement. *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*,

726 F.2d 166, 168 (5th Cir.1984).  In the case at bar, there is "more".  Defendant's registrations with the Louisiana Secretary of State was inaccurate. The registration was changed after Plaintiff's attempts at service. The address disclosed in his answer was the same address where prior attempts at service were ineffective. Yet it is apparent that Bayles did receive notice of the request for default judgment as he responded. It is unlikely that the failure to respond earlier was due to lack of notice.  Bayles' default was willful. The district court may deny relief on that ground alone. *See  In re Dierschke,* 975 F.2d 181 (5th Cir.1992).

 Defendant's default has been willful and the motion to vacate should be dismissed.

III.	CONCLUSION

Wherefore, Plaintiff, Rose Meyer, prays that Defendant's motion to vacate entry of default be dismissed, at its cost.

S/DIANNE HILL

S/DIANNE HILL
DIANNE HILL (14992)
ATTORNEY AT LAW
ATTORNEY FOR PLAINTIFF
130 DESIARD STE 501
MONROE, LA 71201
(318) 325-6398                                .