U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 18 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| ROSE MEYER | CIVIL ACTION NO. 08-0268 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| THE ARBOR & TERRACE SENIOR CENTER OF RUSTON, LLC | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court are Plaintiff Rose Meyer's ("Meyer") Motion for Default Judgment [Doc. No. 23] against Defendant The Arbor and Terrace Senior Center of Ruston ("the Arbor") and the Arbor's motion to set aside the default [Doc. No. 29].

Meyer filed suit against the Arbor on February 26, 2008. Meyer attempted to serve the Arbor through its registered agent, Fred Bayles ("Bayles"), several times. Bayles was eventually served through the Louisiana Secretary of State on August 15, 2008.

On September 5, 2008, Bayles attempted to file an answer on behalf of the Arbor, appearing pro se. [Doc. No. 18]. The answer was marked deficient because an individual had signed on behalf of a company, and the company was not represented by licensed counsel. [Doc. No. 19]. Bayles was instructed to file a corrective document within 10 days, but failed to do so.

On October 1, 2008, the Clerk of Court entered a preliminary default against the Arbor for failing to appear [Doc. No. 21].

On February 2, 2009, Meyer filed a Motion for Default Judgment [Doc. No. 23] against the Arbor.

On February 13, 2009, the Arbor attempted to file an answer through licensed counsel.

[Doc. No. 26].

On February 18, 2009, the answer was marked deficient because a default had been entered against the Arbor. [Doc. No. 26]. The Arbor was notified by the Clerk of Court that the only pleading permissible by a party in default is a motion to set aside the default. [Doc. No. 28].

On March 3, 2009, the Arbor filed a motion to set aside the default [Doc. No. 29], stating only that it did not receive notice that a motion for default judgment had been filed.

On March 4, 2009, the Court instructed the Arbor to file a supplemental memorandum to establish good cause. [Doc. No. 30].

On March 9, 2009, the Arbor filed a supplemental memorandum. [Doc. No. 31].

On March 12, 2009, Meyer filed a memorandum in opposition to the motion to set aside the default. [Doc. No. 37].

The Arbor contends that its default was not willful. The Arbor relies on Bayles's declaration that "I filed a pro se answer on behalf of the defendant in this matter. I have relocated to New Orleans and did not receive notice that the answer had been rejected." [Doc. No. 32]. The Arbor also argues that setting aside the default will not prejudice Meyer and that it fired Meyer for poor performance, not her age.

Meyer contends that the Arbor's default was willful and that its motion to set aside the default is untimely. Although Bayles declared that he did not receive notice of the deficient answer because he had relocated to New Orleans, the address provided by Bayles on the deficient answer was "507 Trenton St. West Monroe, 71291." [Doc. No. 18, p. 3]. A notice of deficiency was mailed to Bayles at that address on the same day. [Doc. No. 19]. In addition to failing to file a timely answer, Meyer argues that the Arbor did not move to set aside the default for four months, and that

this cannot be characterized as "quick action" to correct the default.

Under Rules 55(c) and 60(b), a district court may set aside an entry of default for good cause. *See* FED. R. CIV. P. 55(c), 60(b). In determining whether good cause exists to set aside a default judgment, the Court must examine the following factors: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 369 (5th Cir. 2008). "Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). "[I]f a district court finds a defendant's default to be willful, then the district court need not make any other finding." *Id.* at 120.

"A willful default is an 'intentional failure' to respond to litigation." *Beitel*, 551 F.3d at 371 n. 32 (citing references omitted). "[T]rial courts must apply. . .the preponderance-of-the-evidence standard when assessing willfulness." *Id.* at 372.

The Arbor's alleged evasion of service is "insufficient to make a defendant's failure to answer willful." *Jenkens*, 542 F.3d at 123 n. 6 (citing reference omitted). The Court will, therefore, focus on the Arbor's post-service actions.

On one hand, the Court has reason to doubt that Bayles did not receive notice that the answer was marked deficient. On the other hand, "[b]ecause there are no countervailing equities (i.e., because [Meyer] has not presented a legitimate claim of prejudice that would arise from setting aside the default), any doubt should, as a general proposition, be resolved in favor of [the Arbor] to the end of securing a trial upon the merits." *Id.* at 123 (citing reference omitted). Accordingly, the Court

3

finds that the Arbor's default was not willful. Although the Arbor did not act as expeditiously to correct the default as the Court would prefer, setting aside the default will not prejudice Meyer, and the Arbor has presented a meritorious defense to Meyer's age discrimination claim. Accordingly,

IT IS HEREBY ORDERED that the motion to set aside the default [Doc. No. 29] is GRANTED, and the Notice of Entry of Default [Doc. No. 21] is SET ASIDE.

Because the Court has set aside the Notice of Entry of Default, IT IS FURTHER ORDERED that the Motion for Default Judgment [Doc. No. 23] is DENIED AS MOOT.

MONROE, LOUISIANA, this 18 day of March, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE