UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ROSE MEYER                          *      CIVIL ACTION NO.  08-0268


VERSUS                              *      JUDGE JAMES T. TRIMBLE, JR.


THE ARBOR AND TERRACE               *      MAG. JUDGE KAREN L. HAYES
SENIOR CENTER OF RUSTON, LLC

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned magistrate judge, on reference from the District Court pursuant to

28 U.S.C. §636(b), is a motion for contempt filed by plaintiff Rose Meyer.

<u>Background</u>

On February 26, 2008, Rose Meyer filed the instant complaint asserting claims under the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 631, *et seq.*, *inter alia*, against

her former employer, The Arbor and Terrace Senior Center of Ruston, LLC ("the Arbor").

(Compl.).  Meyer alleges that on or about April 25, 2005, the Arbor constructively discharged her

on the basis of her age.  *Id.*

Following extended efforts by plaintiff to perfect service, Fred Bayles filed a pro se

answer and counterclaim on behalf of the Arbor on September 5, 2008.  *See* Answer [doc. # 18].

On October 3, 2008, however, the court struck the pleading because a non-attorney cannot sign a

pleading on behalf of an entity.  (Oct. 3, 2008, Order [doc. # 22]).  Plaintiff then commenced

default proceedings against defendant.  Eventually, however, counsel enrolled on behalf of the

Arbor, successfully set aside the entry of default, and answered the complaint on March 18, 2009.

*See* Answer [doc. # 39].

Approximately one year later, counsel for defendant, with the consent of the Arbor's

president, Joanne Caldwell, filed a motion to withdraw from the case.  *See* M/Withdraw [doc. # 52].[1]  On May 18, 2010, the court granted the motion to withdraw, and ordered the Arbor to enroll new counsel within 30 days of the date of the order.  (May 18, 2010, Order [doc. # 53]).  The court cautioned defendant that if it failed to so comply, then the court would strike its answer and permit plaintiff to resume default proceedings.  *See* May 18, 2010, Order.

When, over three months later, the Arbor still had not enrolled new counsel, the court struck defendant's answer, reinstated the entry of default, and granted a judgment of default in plaintiff's favor, for the total sum of $82,330.00.  (Sept. 2, 2010, Mem. Ruling and Judgment [doc. # 57]).

On October 20, 2010, plaintiff filed a "Motion to Examine Judgment Debtor," wherein she sought to examine Fred M. Bayles, a manager of the judgment debtor, to ascertain the judgment debtor's income and assets.  (M/Examine Judg. Debtor [doc. # 58]).  The court granted the motion and ordered Fred M. Bayles to appear on December 7, 2010, to be examined as a judgment debtor.  (Oct. 21, 2010, Order [doc. # 59]).  The court further ordered Mr. Bayles to produce certain financial records, books, papers and documents related to the judgment debtor.  *Id*.  Mr. Bayles appeared on the appointed day, and was questioned by counsel for plaintiff.  However, in a March 2, 2011, letter addressed to Fred Bayles, plaintiff's counsel advised Mr. Bayles that he had not produced bank statements for 2010, or any of the following items,

1.      The Articles of Organization including any amendments;

2.      All Operating Agreements between the members of the LLC;

3.      All financial statements for the LLC compiled for the years 2008 through 2010;

---

[1]  Counsel identified the Arbor's address as 4518 Hwy 80, Ruston, LA 71270.  *Id*.

2

4.      Deeds to all immovable property owned by *The Arbor and Terrace Senior Center of Ruston, LLC*; and

5.      Documents showing the sale or purchase of all property, movable or immovable, from January 1, 2008 through the present.

(Rule for Contempt and Sanctions, Exh. [doc. # 67]).

Counsel cautioned Mr. Bayles that if she did not receive the requested documents by March 15, 2011, then she would file a rule for contempt.  *Id*.

When Bayles failed to reply, counsel filed a "Rule for Contempt" on June 16, 2011, requesting an order for the Arbor and Fred Bayles to show cause why each should not be held in contempt for failure to comply with the court's order requiring production of documents.  *Id*. The Clerk of Court issued a notice of motion setting, requiring that any response to the motion be filed by July 8, 2011.  *See* Notice of Motion Setting [doc. # 68].  On July 15, 2011, the court observed that the Arbor and its manager, Fred M. Bayles, had failed to respond to the motion. (July 18, 2011, Order [doc. # 71]).  Accordingly, the undersigned granted plaintiff's motion and

**ORDERED** that The Arbor and Terrace Senior Center of Ruston, LLC and its manager, Fred M. Bayles shall appear and show cause on **Thursday, August 11, 2011, at 1:30 p.m., at the United States Courthouse, 201 Jackson Street, Monroe, Louisiana**, why appropriate sanctions should not be imposed against them pursuant to Federal Rules of Civil Procedure 37 and 69, and/or the court's inherent authority for failure to comply with the court order.  At the hearing, the undersigned also will ascertain pertinent facts for potential certification to the district judge for contempt of court proceedings.

Nevertheless, if, **prior to the hearing**, The Arbor and Terrace Senior Center of Ruston, LLC and its manager, Fred M. Bayles provide plaintiff with the documents that were ordered to be produced and that remain outstanding, then plaintiff's counsel shall promptly notify the court, and the hearing will be upset.

*Id*.

On July 18, 2011, the Clerk of Court sent copies of the order to the Arbor and Bayles via U.S. Mail, certified return receipt requested.  On July 25, 2011, Joanne Caldwell signed the return receipt on behalf of the Arbor and Fred Bayles.  [doc. # 73].

3

On August 8, 2011, Fred Bayles filed a "Motion for Relief from Order," wherein he

stated that,

1.      He was not served with a rule for contempt; a copy of the order was mailed to a
        post office box in West Monroe, Louisiana which is unrelated to the defendant.

2.      He was never the manager of the Arbor and Terrace Senior Citizen of Ruston,
        LLC., just the agent for service of process.

3.      To the best of his knowledge, there are no documents that have not been
        produced.

4.      He is living on Social Security benefits and has no money to travel to Louisiana.
(M/Relief from Order [doc. # 74]).

Bayles included a return address in Flowood, Mississippi.  *Id*.

The court denied Bayles' motion for relief, and instructed Bayles to appear in court as

previously ordered.  (Aug. 9, 2011, E-Order [doc. # 75]).  The Clerk of Court sent a copy of the

order to Bayles at his Mississippi address.  *See* Notice of Electronic Filing.[2]

Neither Bayles, nor any other representative from the Arbor appeared at the August 11,

2011, hearing.  *See* Minutes [doc. # 76].  Counsel for plaintiff was present and reiterated the

deponent's failure to produce the records.  To date, Mr. Bayles has not further contacted the

court.

On August 12, 2011, plaintiff filed a motion to examine judgment debtor, the Arbor, and

its manager, Joanne Caldwell Bayles.  (M/Examine Judgment Debtor [doc. # 77]).  The motion

sought to compel Ms. Caldwell-Bayles to produce virtually all of the same documents that the

court previously ordered Mr. Fred Bayles to produce.  *Id*.  The undersigned granted the motion

and set the judgment debtor examination for September 27, 2011.  (Aug. 15, 2011, Order [doc. #

---

[2]  The court has since learned that Bayles again changed addresses.  *See* doc. # 80.

78]).

## Law

The federal rules provide that "[i]n aid of the judgment or execution, the judgment

creditor or a successor in interest whose interest appears of record may **obtain discovery from**

**any person--including the judgment debtor**--as provided in these rules or by the procedure of

the state where the court is located." Fed.R.Civ.P. 69(a)(2) (emphasis added).  Moreover,

> [t]he scope of postjudgment discovery is very broad to permit a judgment creditor
> to discover assets upon which execution may be made. . . . The party seeking
> production of the documents must show their relevance to the inquiry. Then, the
> burden shifts to the party opposing production to show that other sources exist
> from which the information contained in the income tax returns may be readily
> obtained.

*F.D.I.C. v. LeGrand*,  43 F.3d 163, 172 (5th Cir. 1995).

The Louisiana Rules of Civil Procedure authorize examinations of judgment debtors or

any other person upon matters relating to the judgment debtor's property.  La. Code Civ. P. Arts.

2451-2456.  If the judgment debtor refuses to produce his books, papers, or other documents

when ordered to do so, the court may hold him in contempt.  La. Code Civ. P. Art. 2456.

Furthermore, "[t]here can be no question that courts have inherent power to enforce compliance

with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370,

86 S.Ct. 1531, 1535 (1966) (citations omitted).[3]

---

[3]  The court observes that the Arbor and Mr. Bayles were properly served with the order
setting the judgment debtor exam.  *See* Fed.R.Civ.P. 4(h) & (e); La. R. S. § 13:3201(B).  In any
event, Bayles waived any challenge to improper service or personal jurisdiction when he
appeared in court, without objection, for the judgment debtor examination.  *See Adams v. Unione
Mediterranea Di Sicurta*, 220 F.3d 659 (5th Cir. 2000) (citation omitted) (party waives personal
jurisdiction by failing to raise the issue when making a general appearance); *Cooper v. Reynolds*,
77 U.S. 308, 316-317, 1870 WL 12736 (1870) ("Jurisdiction of the person is obtained . . . by the
voluntary appearance of the party in the progress of the cause.").  In addition, the show cause
order was properly served upon the Arbor and Bayles, via mailing.  *See* Fed.R.Civ.P. 5(b)(2)(C)
(for a party)*; Waffenschmidt v. MacKay*, 763 F.2d 711, 720 (5th Cir. 1985) (for a non-party,

As recognized by the Fifth Circuit, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence[4] 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271-272 (5th Cir. 2009) (citation omitted).  Furthermore, "[t]o determine compliance with an order, the court simply asks whether the respondent has produced the documents.  If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *LeGrand, supra*.   Good faith does not excuse a finding of civil contempt.  *United States v. Woodberry*, 405 Fed. Appx., 840, *2 (5th Cir. Dec. 20, 2010) (unpubl.) (citation omitted).

"[S]anctions for civil contempt are meant to be 'wholly remedial' and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 399 (5th Cir.1987).  Thus, sanctions for civil contempt may only be employed to coerce the contemnor into compliance with the court's order(s), and/or to compensate the party affected by the contemnor's conduct for their resulting injury or loss. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04, 67 S.Ct. 677 (1947).

## Certification of Facts

The undersigned magistrate judge certifies the following facts to the district judge pursuant to 28 U.S.C. § 636(e)(6),

---

service of show cause order may be effected under Fed.R.Civ.P. 4(e).

[4]  The clear and convincing standard lies in between the "preponderance of the evidence" standard and the "beyond a reasonable doubt" standard.  *S.E.C. v. Resource Development Intern. LLC*, 217 Fed. Appx. 296, *2 (5th Cir. Feb. 6, 2007) (unpubl.) (citation omitted).

1.     The court ordered the Arbor, via Fred Bayles, to produce, *inter alia*, on December 7, 2010:

     a)     its bank statements for 2010;

     b)     the Articles of Organization including any amendments;

     c)     all Operating Agreements between the members of the LLC;

     d)     all financial statements for the LLC compiled for the years 2008 through 2010;

     e)     Deeds to all immovable property owned by *The Arbor and Terrace Senior Center of Ruston, LLC*; and

     f)     Documents showing the sale or purchase of all property, movable or immovable, from January 1, 2008 through the present.

2.     The Arbor, via Fred Bayles, was aware of the court order and the obligation to produce the foregoing documents.  (Bayles appeared for the judgment debtor examination).

3.     Despite an informal extension of time from plaintiff's counsel to produce the above-enumerated items, the Arbor, via Fred Bayles, did not so comply.  *See* Rule for Contempt and Sanctions, Exh. [doc. # 67]; *LeGrand, supra* (signed motion for contempt provides factual support for finding that discovery had not been produced).[5]

4.     Bayles has not demonstrated good cause for his failure to produce the requested documents.  *E.g.*, he does not contend that he is unable to comply because he does not possess the requested documents; rather, he contends, without support, that he already produced all requested discovery.  *See* M/Relief from Order [doc. # 47].

5.     The court ordered the Arbor and Fred Bayles to appear on August 11, 2011, to show cause why they should not be sanctioned for their failure to comply with the court order, and to ascertain pertinent facts for potential certification to the district judge for contempt of court proceedings.  (July 15, 2011, Order [doc # 71]).

6.     Bayles received notice of the court's July 15, 2011, Order.  *See* M/Relief from

---

[5] Although Bayles alleged in his Motion for Relief from Order that he was not aware of any documents that had not been produced, *see* [doc. # 47], he did not support this bare allegation with any supporting evidence or testimony.

Order [doc. # 74].

7.      The Arbor and Fred Bayles failed to appear for the August 11, 2011, hearing. Although Bayles sought relief from the order requiring his attendance at the hearing, the court denied his request.  The court is not aware of any efforts by Bayles to follow up on his request to excuse his appearance at the hearing.

8.      Bayles has not demonstrated good cause for his failure to appear at the hearing. Although Bayles professed indigence to excuse his non-appearance, he has not provided any evidentiary support for his bare assertion.

## Recommendation

IT IS CONDITIONALLY RECOMMENDED that the District Court order that the Arbor and Fred Bayles appear before the District Judge on a date certain:  to show cause why each should not be adjudged in civil contempt by reason of the foregoing certified facts; for the District Judge to "hear evidence as to the conduct complained of;" and to impose the appropriate remedial and coercive measures to ensure the Arbor and Fred Bayles' compliance with court orders, including, *but not limited to*, requiring the Arbor and Fred Bayles to reimburse the judgment creditor for all reasonable attorney's fees incurred by the judgment creditor in connection with these contempt proceedings.

IT IS FURTHER CONDITIONALLY RECOMMENDED that if, by September 27, 2011, the Arbor, via Fred Bayles and/or Joanne Caldwell Bayles, provides counsel for the judgment creditor with all of the documents, as enumerated herein, and files written confirmation of same with the Court, that this conditional certification of civil contempt be vacated and withdrawn as to the Arbor.

IT IS FURTHER CONDITIONALLY RECOMMENDED that if, within the delays associated with the instant report and recommendation, the Arbor, via Fred Bayles, meets the requirements of the foregoing paragraph, *and* Fred Bayles files with the District Court sufficient

proof to establish that he did not enjoy the financial wherewithal to attend the August 11, 2011, hearing in this matter, that this conditional certification of civil contempt then be vacated and withdrawn as to Fred Bayles.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 23rd day of August 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE